UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ASSUNTA FUSCO MINTZ and HAIR ON
WHEELS NOW, LLC d/b/a TEPORGANICS,

                Plaintiffs,

  -against-

MARKETING COHORTS, LLC,
STEPHANIE LEWIS, and NICOLE LEWIS,

                Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

18-CV-4159 (JFB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      This matter is on referral from the Honorable Joseph F. Bianco in connection with his request that this Court schedule an initial conference to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends: (i) dismissing Defendants' counterclaims with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41; and (ii) granting Plaintiffs leave to move to both strike the Answer pursuant to Fed. R. Civ. P. 37 and 16, and renew their motion for a default judgment as detailed below.

**I.    BACKGROUND**

      By way of a Complaint dated July 20, 2018, Plaintiffs Assunta Fusco Mintz and Hair On Wheels Now, LLC d/b/a TepOrganics (together, "Plaintiffs") commenced this action against *pro se* Defendants Cohorts LLC d/b/a Marketing Cohorts ("Marketing Cohorts"),[1] Stephanie Lewis, and Nicole Lewis a/k/a Ashley Nicole Lewis a/k/a Ashley Nicole Mitchell (together, the "Individual Defendants,"

---

[1] As discussed below, Marketing Cohorts cannot proceed *pro se*.

and collectively with Marketing Cohorts, "Defendants"), asserting claims for: (i) Cybersquatting pursuant to 15 U.S.C. § 1125(d)(1); (ii) Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836; (iii) Defamation; (iv) Tortious Interference with current and prospective business relationships; (v) Conversion; and (vi) Negligence, in connection with Defendants' alleged locking Plaintiffs out of their own websites and social media accounts and a subsequent campaign of disparagement following a billing dispute over web design services. *See* Complaint, Docket Entry ("DE") [1]. On August 2, 2018, Plaintiffs filed an Amended Complaint correcting the legal names of Defendants but pleading the same six causes of action. *See* DE [5].

After Defendants initially failed to Answer or otherwise appear, on September 6, 2018 Plaintiffs requested that the Clerk of the Court note Defendants' default, which was entered that same day. *See* DEs [10], [11]. On September 20, 2018, Plaintiffs moved by Order to Show Cause seeking a default judgment against Defendants. *See* DE [12]. Thereafter, following the exchange of letters between the parties and the Court, *see* DEs [14]-[17], Judge Bianco scheduled a November 20, 2018 telephone conference concerning the motion for default judgment. *See* October 24, 2018 Scheduling Order. On November 20, 2018, the parties appeared for the telephone conference, at which time Judge Bianco: (i) denied the default judgment as to the Individual Defendants; (ii) held the motion in abeyance with respect to Marketing Cohorts;[2] (iii) directed Defendants to Answer on or before November 30, 2018; and (iv) requested that this Court schedule an initial conference for the

---

[2] On February 19, 2019, Judge Bianco terminated the motion for default judgment. *See* DE [42].

2

purposes of, *inter alia*, setting a discovery schedule. *See* DE [20]. Judge Bianco further instructed Defendants that Marketing Cohorts would not be able to defend itself absent counsel even if the Individual Defendants decided to proceed *pro se*. *See id.*; *see also* FTR Log #4:33-4:58.

Defendants failed to Answer by the November 30, 2018 deadline, at which time Plaintiffs wrote Judge Bianco a letter renewing their request for a default judgment. *See* DE [22]. On December 11, 2018, the Individual Defendants filed an Answer with Counterclaims (the "AWC"), *pro se*. *See* DE [23].[3] Marketing Cohorts has not filed an Answer or otherwise appeared through counsel.[4] Although not entirely clear from the face of the AWC, the counterclaims appear to be for breach of contract, seeking $12,675.49 in damages along with equitable relief. *See* AWC at 21-22. Plaintiffs Answered the AWC on January 2, 2019. *See* DE [28]. On January 16, 2019, Plaintiffs filed a motion for a preliminary injunction in connection with Defendants' alleged unlawful conduct with respect to, *inter alia*, controlling Plaintiffs' websites (the "PI Motion"). *See* DE [29]. After Defendants failed to appear at the February 19, 2019 hearing on the PI Motion, Judge Bianco granted injunctive relief. *See* DEs [41]-[43].

At Judge Bianco's request, this Court scheduled an initial conference for December 17, 2018. *See* DE [19] (the "Initial Conference Order"). The Initial

---

[3] Because the AWC is an aggregation of multiple documents with independent page numbers, all citations to that document refer to the overall page number on the PDF.

[4] The AWC indicates it was filed on behalf of all Defendants, *see* AWC at 16, however it is only signed by the Individual Defendants. *See id.* at 13, 22.

Conference Order directed the parties to appear, *inter alia*, "for the purposes of scheduling discovery," and required the parties to: (i) hold a discovery planning conference pursuant to Fed. R. Civ. P. Rule 26(f); (ii) provide initial disclosures pursuant to Rule 26(a)(1); and (iii) file a joint discovery plan before the scheduled conference. *See id*. Prior to the initial conference, Plaintiffs unilaterally suggested a discovery plan after receiving no response from Defendants with respect to Plaintiffs' proposed schedule. *See* DE [24]. After Defendants failed to appear on December 17, 2018, the Court adjourned the initial conference to January 17, 2019. *See* DE [26]. When Defendants did not show up on January 17, 2019, the Court adjourned the initial conference once more to January 28, 2019, and warned Defendants that the continued failure to appear would result in a recommendation to Judge Bianco that their: (i) counterclaims be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41; (ii) Answer be stricken; and (iii) default be entered with respect to Plaintiffs' claims. *See* January 17, 2019 Minute Order. On January 28, 2019, Defendants again failed to appear. *See* DE [34].

Plaintiffs served Defendants with a copy of the Initial Conference Order, *see* DE [21], as well as copies of the minute orders – indicating each of the adjourned conference dates and the consequences of continued failures to appear – following each of Defendants' missed appearances. *See* DEs [27], [31], [35]. Thus, Defendants have failed to appear before this Court on three consecutive occasions as well as before Judge Bianco on February 19, 2019, without explanation, despite having

been given notice of each conference.[5] Based on this conduct, the Court respectfully recommends that Defendants' counterclaims be dismissed with prejudice for failure to prosecute, and that Plaintiffs be granted leave to move to strike the Answer and renew their motion for a default judgment.

## II. Discussion

### A. **Failure to Prosecute**

A counterclaimant has the general obligation to diligently prosecute its case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Pursuant to Rule 41, "[i]f [a party] fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, [the responding party] may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). To that end, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a [party's] case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389 (1962)). In considering whether dismissal for failure to prosecute is appropriate, courts consider the following factors:

---

[5] On February 4 and 13, 2019, Plaintiffs wrote to Judge Bianco indicating that certain documents served on Defendants had been returned. *See* DEs [36], [40] (detailing which mailings were returned from which Defendants). In any event, Plaintiffs remain in contact with Defendants through email, have electronically served copies of any returned mailings on Defendants, and have had their requests for an updated physical address go ignored. *See id.* Moreover, one of the addresses from which mail is being returned, 2419 South Marion Ave., Tulsa, Oklahoma, was provided to the Court by the Individual Defendants. *See* AWC at 16. To the extent Defendants moved, it is their obligation to provide the Court with an updated address. *Garner v. Owens*, No. 08-cv-222, 2008 WL 5191908, at *2 (E.D.N.Y. Dec. 9, 2008) ("When a party changes addresses, it is his or her obligation to notify the Court of the new address…. This rule applies to not only represented parties but also *pro se* litigants.") (internal citations omitted); *see also Aponte v. Horn*, No. 16-cv-2510, 2016 WL 3014668, at *1, n. 1 (E.D.N.Y. May 24, 2016). Accordingly, the Court considers Defendants on notice of all proceedings.

5

> (1) the duration of [a party's] failure to comply with court orders; (2) whether [the party] was on notice that failure to comply would result in dismissal; (3) whether [the responding party] is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the [prosecuting party's] interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017) (citing *Davis v. Town of Hempstead*, 597 F. App'x. 31, 32 (2d Cir. 2015)). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations"). Ultimately, "[t]he decision whether to dismiss a case for failure to prosecute lies within the discretion of the trial court." *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015).

Applying these standards, the Court respectfully recommends that a dismissal of Defendants' counterclaims with prejudice is warranted. Defendants have been absent without leave from four consecutive appearances despite being given adequate notice of each hearing. *See* DEs [21], [26], [27], [31], [33]-[35], [36], [41], January 17, 2019 Minute Order. Further, Defendants have been warned that a failure to appear would result in, *inter alia*, a recommendation that their

counterclaims be dismissed for failure to prosecute. *See* January 17, 2019 Minute Order; *see also* DE [31]. Because Defendants have abandoned their claims and were warned of the consequences of continued failures to appear, dismissal of Defendants' counterclaims for failure to prosecute is appropriate. *See Fattah v. City of New York*, No. 14-cv-7317, 2015 WL 6128853, at *1 (E.D.N.Y. Oct. 15, 2015) (dismissing action with prejudice where the plaintiff failed to appear at two conferences "and failed to otherwise communicate with the court"); *Djokovic v. U.S. Justice Dep't*, No. 07-cv-2608, 2008 WL 3200191, at *1 (E.D.N.Y. Aug. 6, 2008) (dismissing action for failure to prosecute where the plaintiffs "failed to appear at [two] conference[s] or to request an adjournment"); *Dorman v. Westbury Union Free Sch. Dist.*, No. 05-cv-19, 2006 WL 2350004, at *1 (E.D.N.Y. Aug. 4, 2006) (dismissing action where the plaintiff "failed to appear at a conference . . . despite a warning that failure to appear could result in a recommendation that the case be dismissed for failure to prosecute"). Moreover, the dismissal should be with prejudice. *Clougher v. Home Depot U.S.A., Inc.*, No. 06-cv-5474, 2008 WL 2448202, at *1 (E.D.N.Y. Feb. 26, 2008) ("It is well settled that a dismissal under Rule 41(b) 'operates as an adjudication on the merits and that such a dismissal is with prejudice.'") (quoting *Hoffman v. Wisner Classic Mfg. Co.*, 927 F. Supp. 67, 71 (E.D.N.Y. 1996)).

The Court further concludes that the lesser sanction of dismissal without prejudice is insufficient and would be unfair to Plaintiffs who have expended considerable time and expense in attending repeated court conferences for which

7

Defendants failed to appear without explanation. *See Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law"); *see also Thomas v. Cty. of Suffolk*, No. 08-cv-400, 2010 WL 5452071, at *3 (E.D.N.Y. Dec. 28, 2010) (dismissing claims with prejudice "given plaintiff's lack of communication and cooperation with prior counsel along with his failure to follow five orders over the last four months"). Accordingly, the Court respectfully recommends dismissing Defendants' counterclaims with prejudice pursuant to Rule 41(b).

### B. Leave to Move to Strike Answer and Seek Default Judgment

The Court also recommends that Plaintiffs be granted leave to: (i) move to strike the AWC pursuant to Fed. R. Civ. P. 37 and 16; and (ii) renew their motion for a default judgment against Defendants under the applicable rules. Pursuant to Rule 37, if a party "fails to obey an order to provide or permit discovery … the court … may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These orders may include, "striking pleadings in whole or in part; … dismissing the action or proceeding in whole or in part; [or] rendering a default judgment against the disobedient party[.]" *See id.*; *see also* Fed. R. Civ. P. 16(f)(1) ("On motion or its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to appear at a scheduling or other pretrial conference … or … fails to obey a scheduling or other pretrial order"). "A district court has 'wide discretion in imposing sanctions, including severe sanctions' under Rule 37." *Vargas v. Jet Peru-Courier Corp.*, No. 15-cv-6859, 2018

8

WL 1545699, at *3 (E.D.N.Y. Mar. 14, 2018), *report and recommendation adopted*, 2018 WL 1545679 (E.D.N.Y. Mar. 28, 2018) (quoting *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)).

The factors courts weigh when considering Rule 37 sanctions include: "'(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned' of the consequences of noncompliance." *Bricklayers Ins. & Welfare Fund v. P.P.L. Constr. Servs. Corp.*, No. 12-cv-3940, 2017 WL 9481016, at *6 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 1093192 (E.D.N.Y. Mar. 23, 2017) (quoting *Agiwal v.Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Although "a sanction so drastic as striking an answer or entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable, the decision to impose such sanctions is committed to the sound discretion of the district court …." *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990) (internal citations omitted).

Here, Rules 37 and 16 sanctions are warranted against Defendants due to their continued failure to comply with Court orders and appear before this Court. Defendants have demonstrated that their non-compliance is willful through their repeated and unexplained failure to appear at scheduled conferences despite having been given notice, and, in turn, through their refusal to engage in discovery. *See* DEs [21], [27], [31], [35]; *see also* DE [20] (demonstrating that the Individual Defendants appeared telephonically before Judge Bianco, who indicated to them

9

that he would be requesting that this Court schedule an initial conference). Moreover, as discussed above, Defendants were warned of the consequences of their continued failure to appear. *See* January 17, 2019 Minute Order; *see also* DE [31]. Accordingly, the Court respectfully recommends granting Plaintiffs leave to move to strike the AWC.

Further, Defendants' default has already been entered, *see* DE [11], and no motion to vacate has been made. Accordingly, the Court respectfully recommends granting Plaintiffs leave to renew their motion for a default judgment against Defendants such that Plaintiffs have an opportunity to demonstrate their entitlement to further relief.

## III. CONCLUSION

For the reasons set forth above, the Court respectfully recommends: (i) dismissing Defendants' counterclaims with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41; and (ii) granting Plaintiffs leave to move to both strike the Answer pursuant to Fed. R. Civ. P. 37 and 16, and renew their motion for a default judgment.

## IV. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below. Plaintiffs are directed to serve a copy on Defendants and promptly file proof of service on ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the

right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           February 21, 2019          /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge